UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PHILIP T. NESSLE,

    Plaintiff,

vs.

COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION,

    Defendant.

Case No. 1:14-cv-442

Judge Timothy S. Black

**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES (Doc. 15)**

This is a Social Security disability benefits appeal for which Plaintiff was awarded disability benefits. (Doc. 10). Now before the Court is a motion by Plaintiff's counsel (Doc. 15) for a 25% contingency fee award. The motion is premised upon 42 U.S.C. Section 406(b)(1).[1] *See Horenstein v. Sec'y of Health & Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994).

Defendant argues that a fee award of $18,000.00 is unreasonable and would represent a windfall. A reduction in attorney fees may be warranted where the amount requested represents a windfall to the attorney in light of the time and effort expended by the lawyer. *Gisbrecht v. Barnhart*, 535 U.S. 789, 791 (2002). Defendant argues that an award of $18,000.00 would result in an hourly rate of $666.67 for the 27 hours of work that was performed at the district court level. The Commissioner submits that a fee of

---

[1] Section 406(b)(1) provides: "Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment..."

$666 per hour is unjustified and amounts to an inappropriate windfall.[2] The Commissioner maintains that an hourly fee of $353.00 is reasonable.

Plaintiff and his counsel entered into a written contingency-fee agreement, specifying counsel's fee would be 25% of any lump sum award for past-due benefits.[3] (Doc. 15, Fee Contract). The agreement documented both Plaintiff's agreement to pay attorney fees in the amount of 25% of any lump sum award for past-due benefits payable to Plaintiff and counsel's willingness to accept the risk of recovering nothing in the event Plaintiff received no past-due benefits. (*Id*.)

While an agreement between an attorney and client which provides for a 25% contingent fee is given a presumption of reasonableness, the agreement is not binding on the court. *See Rodriguez v. Bowen,* 865 F.2d 739, 746 (6th Cir. 1989) (*en banc*). Plaintiff's attorney must show, and the Court must affirmatively find, that a contingency fee sought, even one within the 25% cap, is reasonable for the services rendered. *Gisbrecht*, 535 U.S. at 807. Section 406(b) "does not displace contingent-fee agreements" but instead "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id*.

---

[2] However, if this Court approves the fee award of $18,000.00, the net fee which Plaintiff will pay counsel will be $13,080, which equals approximately $485.00 per hour. The EAJA fee of $4,920.00, which was already awarded (Doc. 14), will be refunded to the claimant.

[3] Acting pursuant to 406(b)(1)(A), the Commissioner withheld 25% of Plaintiff's benefit monies ($31,036.25), as a potential contingency fee to be awarded to Plaintiff's counsel. (Doc. 15, PAGEID 607).

An award of attorney fees under Section 406 is not unreasonable merely because it results in an above-average hourly rate. *Royzer v. Sec'y of Health & Human Servs.*, 900 F.2d 981, 982 (6th Cir. 1990). As the Sixth Circuit explained:

> It is not at all unusual for contingent fees to translate into large hourly rates if the rate is computed as the trial judge has computed it here [dividing the requested fee by the number of attorney hours worked]. In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast.

*Id.* However, a reduction of the contingency-fee award may be warranted if: (1) counsel acted improperly or provided ineffective assistance; or (2) "counsel would . . . enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Id.*

This Court previously awarded fees under Section 406(b) of approximately $709 per hour. *Pickett v. Astrue*, No. 3:10cv177, 2012 U.S. Dist. LEXIS 68968, at *5-6 (S.D. Ohio May 17, 2012). In making that award, this Court noted that plaintiff's counsel's work resulted in a significant award of past-due benefits, plaintiff voluntarily entered into the contingency fee agreement, and there was no suggestion of impropriety regarding the agreement.[4] *Id.* The same facts are true here, so the requested fee does result in an undeserved windfall.[5]

---

[4] "[A] contingent fee must be higher than a fee for the same legal services paid as they are performed." Richard A. Posner, Economic Analysis of Law (5th Ed. 1998) at § 21.9.

[5] It is also important to note that Plaintiff's counsel has been practicing law for 38 years and has represented over 500 clients in Social Security appeals.

Accordingly, Plaintiff's motion for allowance of attorney fees (Doc. 15) is **GRANTED** and the Commissioner is directed to pay Plaintiff's attorney fees pursuant to 42 U.S.C. § 406(b) in the total amount of $18,000.00.[6]  Plaintiff's counsel shall refund the $4,920.00 EAJA fee to Mr. Nessle forthwith.

**IT IS SO ORDERED**.

Date:  5/11/15                                                                                             *s/ Timothy S. Black*
                                                                                                                          Timothy S. Black
                                                                                                                          United States District Judge

---

[6] The lesser of the EAJA fee and the Section 406(b) fee is refunded to the claimant.  *Janovic v. Sec'y*, 868 F.2d 867 n.1 (6th Cir. 1989).